Matthew B. Hayhurst
Tyler M. Stockton
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Telephone:  (406) 543-6646
Facsimile:    (406) 549-6804
mhayhurst@boonekarlberg.com
tstockton@boonekarlberg.com

Robert N. Hunziker Jr. (*PHV*
forthcoming)
COVINGTON & BURLING LLP
One CityCenter
850 10th Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
rhunziker@cov.com

Nathan E. Shafroth (*PHV* forthcoming)
Zoe Kaiser (*PHV* forthcoming)
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7053
nshafroth@cov.com
zkaiser@cov.com

    *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., | Cause No. _____ |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| JAE Medical PLLC d/b/a G2 Telemedicine Weight Loss Clinic, | |
| Defendant. | |

Plaintiffs Novo Nordisk A/S ("NNAS") and Novo Nordisk Inc. ("NNI")

(collectively, "Plaintiffs" or "Novo Nordisk"), by and through their attorneys,

Covington & Burling LLP, file their complaint against JAE Medical PLLC d/b/a

G2 Telemedicine Weight Loss Clinic ("Defendant") for trademark infringement,

false advertising, and unfair competition, and seek injunctive and other relief.

Plaintiffs allege as follows, on actual knowledge with respect to themselves and

their own acts, and on information and belief as to all other matters.

## <u>INTRODUCTION</u>

1.    Novo Nordisk is a healthcare company with a 100-year history of

innovation in developing medicines to treat serious chronic diseases like diabetes

and obesity.

2.    The development of semaglutide is an example of Novo Nordisk's

commitment to innovation for people living with chronic diseases.  Semaglutide is

the foundational molecule that serves as the primary ingredient for Novo Nordisk's

three prescription-only medicines approved by the Food and Drug Administration

("FDA"): Ozempic® (semaglutide) injection and Rybelsus® (semaglutide) tablets

for adults with type 2 diabetes and Wegovy® (semaglutide) injection for chronic

weight management.

3.    Novo Nordisk is the only company in the United States with FDA-

approved medicines containing semaglutide.  Novo Nordisk is also the only

company authorized to identify its medicines containing semaglutide using the

trademarks Ozempic®, Wegovy®, and Rybelsus®. The FDA has not approved any generic versions of semaglutide.

4.    This is an action brought pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., related state laws, and the common law arising out of Defendant's infringement of Plaintiffs' rights in their Wegovy® marks and Defendant's acts of false advertising and unfair competition.

5.    Defendant uses Novo Nordisk's Wegovy® marks to market and sell to patients compounded drug products that purport to contain semaglutide. These products are not Wegovy®. Further, despite such compounded drug products having not been evaluated by the FDA for their safety, effectiveness, or quality, Defendant falsely and misleadingly represents to consumers that its products are FDA-approved or the same as, or equivalent to, Novo Nordisk's FDA-approved semaglutide medicines.

6.    Defendant's conduct is likely to confuse and deceive patients into mistakenly believing that they are purchasing authentic Novo Nordisk semaglutide medicines or medicines that have been evaluated by the FDA and deemed safe and effective.

/

/

/

## THE PARTIES

7.      Plaintiff NNAS is a corporation organized and existing under the laws of the Kingdom of Denmark and has its principal place of business in Bagsværd, Denmark.

8.      Plaintiff NNI is a corporation organized and existing under the laws of Delaware and has its principal place of business in Plainsboro, New Jersey.

9.      NNI promotes, offers, and/or sells Novo Nordisk's Wegovy® medicine throughout the United States, including in this District.  NNAS has granted to NNI exclusive rights to market, advertise, promote, offer for sale and sell Wegovy® medicine in the United States.

10.      Defendant JAE Medical PLLC d/b/a G2 Telemedicine Weight Loss Clinic is a professional limited liability company with a registered business address at 1001 S Main Street, Suite 8032, Kalispell, Montana 59901, in this judicial district. It sells and promotes compounded drug products that purport to contain semaglutide and that are not approved by the FDA ("Unapproved Compounded Drugs"). Defendant sells and promotes Unapproved Compounded Drugs masquerading as Wegovy® and/or uses the Wegovy® marks in its advertising and promotion of Unapproved Compounded Drugs that are not Wegovy®.

/

/

## JURISDICTION AND VENUE

11.    The Court has subject matter jurisdiction over the Lanham Act causes of action pleaded herein pursuant to 35 U.S.C. § 1121 and 28 U.S.C. § 1338(a).  The Court has supplemental jurisdiction over the state and common law causes of action pleaded herein pursuant to 28 U.S.C. § 1338(b).

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant operates in this District, manufactures and/or sells its Unapproved Compounded Drugs in this District, and otherwise conducts business in this District.  Defendant is subject to personal jurisdiction in this District.

## NOVO NORDISK'S FDA-APPROVED SEMAGLUTIDE MEDICINES AND WEGOVY® TRADEMARKS

13.    Plaintiffs use the trademark "Wegovy," including in both text and stylized formats, to identify and promote the FDA-approved Wegovy® medicine.  Wegovy® is sold and marketed in the United States by NNAS's indirect, wholly-owned subsidiary, NNI.

14.    Wegovy® is indicated to reduce excess body weight and maintain weight reduction long term in adults and children aged ≥ 12 years with obesity, and some adults with overweight and weight-related medical problems, along with a reduced calorie diet and increased physical activity.  Wegovy® is also indicated, with a reduced calorie diet and increased physical activity, to reduce the risk of

major adverse cardiovascular events such as "cardiovascular" death, heart attack, or stroke in adults with known heart disease and with either obesity or overweight.

15. Wegovy® has been extensively studied in clinical trials and is FDA-approved.

16. Wegovy® has a unique safety and efficacy profile, which is detailed in its product label.

17. Wegovy® is a prescription-only medicine that should only be prescribed in direct consultation with, and under the supervision of, a licensed healthcare professional.

18. Novo Nordisk first adopted and used the Wegovy® mark at least as early as 2021, and has used it continuously since that time.

19. The Wegovy® trademark is inherently distinctive.

20. Novo Nordisk has promoted, advertised, and marketed its prescription-only medicine using the Wegovy® mark in many different channels, directed to physicians, other health care professionals, and consumers, including on the websites wegovy.com and novonordisk-us.com. As a result of its use of the Wegovy® mark, NNAS owns valuable common law rights in and to the Wegovy® mark.

21. Plaintiff NNAS is the owner of (a) U.S. trademark registration number 6,585,492, issued on December 14, 2021, for the mark Wegovy® for

6

pharmaceutical preparations, in International Class 5; and (b) U.S. trademark registration number 6,763,029, issued on June 21, 2022, for the mark Wegovy® in a stylized form for pharmaceutical preparations, in International Class 5. True and correct copies of Plaintiff's registrations numbers 6,585,492 and 6,763,029 for the Wegovy® mark are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

22.    As a result of Novo Nordisk's long use, promotion, and advertising of the Wegovy® trademark and medicine, the Wegovy® mark is exclusively associated with Plaintiffs, serves to identify genuine Novo Nordisk semaglutide medicines, and is a valuable asset of Novo Nordisk.

23.    As a result of Novo Nordisk's long use, promotion, and advertising of the Wegovy® trademark and medicine, the Wegovy® trademark is a well-known, strong, and famous mark, and became such prior to any of the acts of Defendant complained of herein.

## DEFENDANT'S SALE OF UNAPPROVED COMPOUNDED DRUGS

24.    Novo Nordisk does not sell its FDA-approved semaglutide medicine, Wegovy®, to Defendant for resale or redistribution.

25.    Instead, Defendant markets and sells to patients Unapproved Compounded Drugs that purport to contain semaglutide and that are not approved by the FDA.

26.     On information and belief, the Unapproved Compounded Drugs sold by Defendant are made by compounding pharmacies, which deliver them either directly to patients or to Defendant for administration or dispensing to patients.

27.     The FDA defines compounding as a "practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug to create a medication tailored to the needs of an individual patient."[1]

28.     According to the FDA, "[c]ompounded drugs are not FDA-approved. This means that FDA does not review these drugs to evaluate their safety, effectiveness, or quality before they reach patients."[2]

29.     The FDA has further stated that compounded drugs "do not have the same safety, quality, and effectiveness assurances as approved drugs. Unnecessary use of compounded drugs unnecessarily exposes patients to potentially serious health risks."[3]

30.     FDA has issued guidance on "Medications Containing Semaglutide Marketed for Type 2 Diabetes or Weight Loss," which provides that: (1)

---

[1] Human Drug Compounding, https://www.fda.gov/drugs/guidance-compliance-regulatory-information/human-drug-compounding.
[2] Compounding Laws and Policies, https://www.fda.gov/drugs/human-drug-compounding/compounding-laws-and-policies.
[3] Compounding and the FDA: Questions and Answers, https://www.fda.gov/drugs/human-drug-compounding/compounding-and-fda-questions-and-answers.

"compounded drugs are not FDA-approved or evaluated for safety and effectiveness"; and (2) "FDA has received adverse event reports after patients used compounded semaglutide. Patients should not use a compounded drug if an approved drug is available to treat a patient. Patients and health care professionals should understand that the agency does not review compounded versions of these drugs for safety, effectiveness, or quality."[4]

### DEFENDANT'S TRADEMARK INFRINGEMENT AND FALSE ADVERTISING IN CONNECTION WITH ITS SALE OF UNAPPROVED COMPOUNDED DRUGS

31.     Despite the foregoing, and well after NNAS's first use and registration of its Wegovy® mark, Defendant has used Novo Nordisk's Wegovy® trademark to market and sell Unapproved Compounded Drugs purporting to contain "semaglutide" that are not Wegovy®, and has made false and misleading representations to consumers regarding the nature of its Unapproved Compounded Drugs.

32.     Consumers who arrive at Defendant's website are met with a pulsing banner that promises, "WE HAVE WEGOVY/SEMAGLUTIDE."[5] *See* **Exhibit C**.

---

[4] Medications Containing Semaglutide Marketed for Type 2 Diabetes or Weight Loss, https://www.fda.gov/drugs/postmarket-drug-safety-information-patients-and-providers/medications-containing-semaglutide-marketed-type-2-diabetes-or-weight-loss.
[5] https://g2weightloss.com/.



33.    Defendant repeats similar claim in various ways throughout its website, including by describing Wegovy® as one of the "The Medications That [We] May Prescribe" and "our most popular weight loss medication," as well as by claiming that, as a result of its prescription of Wegovy®, "[o]ur clients have lost up to 30% of their starting body weight." *See* **Exhibit C** and **Exhibit D**.

## What Are Some Of The Medications That You May Prescribe?

**Wegovy / Semaglutide**

## Is The Medication Safe?    ⌃

Wegovy/Semaglutide is our most popular weight loss medication and is the gold standard for medical weight loss medications. It is FDA-approved and safe. Studies show a 15-20% reduction in body weight. This is 2-3 times more



## Medications

**Wegovy/Semaglutide:** The newest and most effective FDA-approved weight loss medication available. Our clients have lost up to 30% of their starting body weight. It has proven to be safe, effective, and easy.

34.     However, as described above, Defendant is not, in fact, offering consumers Wegovy®, but instead its Unapproved Compounded Drugs.

35.     In addition, Defendant is falsely advertising its Unapproved Compounded Drugs by making statements that may accurately describe Wegovy®, but that are false or misleading when made in reference to Defendant's Unapproved Compounded Drugs. *See* **Exhibits C and D**.

# What Are Some Of The Medications That You May Prescribe?

## Wegovy / Semaglutide

In 2021 the FDA approved a weight loss medication called Wegovy (semaglutide). This medication is in a class of medications called GLP-1. It works by decreasing insulin resistance (this keeps the body from storing excess sugars as fat), decreasing your appetite and creating a sensation of fullness. In order to gain FDA approval medication must undergo clinical trials. Wegovy obtained FDA approval and has shown tremendous results in weight loss. In our opinion, Wegovy (semaglutide) is the gold standard for significant weight loss today. The studies showed patients taking Wegovy experienced on average 15% body weight loss compared to 2.5% that used reduced-calorie diet and exercise alone. In the study, 1 out of 2 patients on Wegovy achieved a 15% or greater weight loss. At G2 we have seen up to 30% weight loss with the use of Wegovy (semaglutide). This far exceeds any weight loss option currently available today, in our opinion.

### Is The Medication Safe?                                                  ⌃

Wegovy/Semaglutide is our most popular weight loss medication and is the gold standard for medical weight loss medications. It is FDA-approved and safe. Studies show a 15-20% reduction in body weight. This is 2-3 times more effective than the next best medication. Wegovy/Semaglutide is in a class of medications called GLP-1s. GLP-1s have been widely used for weight loss since 2005 and are generally very well tolerated, with minimal side effects.

36.     For example, Defendant repeatedly claims or implies that its Unapproved Compounded Drugs have been approved by the FDA or have been reviewed by the FDA for safety, effectiveness, and quality.

37.     Defendant claims or implies that its Unapproved Compounded Drugs contain the same semaglutide that the FDA evaluated in the context of reviewing and approving Novo Nordisk's new drug applications for Wegovy®, Ozempic®, and Rybelsus®.

38.     Defendant claims or implies that its Unapproved Compounded Drugs have been subjected to clinical studies and trials, or have otherwise achieved certain therapeutic outcomes attributable to Wegovy®, Ozempic®, or Rybelsus®.

39.     On information and belief, Defendant has engaged in these unlawful practices to attract customers and generate revenues and profits, including by passing off its Unapproved Compounded Drugs purporting to contain "semaglutide" as Wegovy®.

40.     Defendant's prominent and misleading use of the Wegovy® mark is likely to cause consumers to believe falsely that they are actually purchasing genuine Wegovy® medicine; that Defendant is a source for Novo Nordisk's FDA-approved medicines; and/or that Defendant's services are provided, licensed, sponsored, authorized, or approved by Novo Nordisk.

41.    Defendant's use of the Wegovy® marks is without the permission, consent or authorization of Novo Nordisk. Defendant has no right to use, and Defendant knows that it has no right to use, the Wegovy® mark in connection with Defendant's Unapproved Compounded Drugs or otherwise.

42.    Novo Nordisk has no control over the nature, quality, or efficacy of the products sold by Defendant, including the Unapproved Compounded Drugs.

43.    Further illustrative examples of Defendant's trademark infringement and false advertising are collected in the paragraphs that follow, as well as **Exhibit E** hereto.

44.    On its social media, Defendant claims that one of its patients lost weight using "Wegovy" and urges consumers to "start Wegovy":



45.    In other social media posts, Defendant claims to provide Wegovy®:



46.    In at least one social media post, Defendant exhibits the exact

registered logo mark for Wegovy®:



47.    During patient consultations, Defendant is making additional false and misleading statements. For example, Defendant has stated to prospective patients that its Unapproved Compounded Drugs are the "raw form" of Wegovy®, that its Unapproved Compounded Drugs are the "same thing" as Wegovy®, that its Unapproved Compounded Drugs are the "actual" drug, and that its Unapproved Compounded Drugs are generic versions of Wegovy®.

48.    As described above, all of these representations are false.

49.    Defendant's advertising, and promotional materials are thus false and misleading, suggesting and/or stating an association with Plaintiffs' FDA-approved Wegovy® medicine when no such association exists.

50.    There is no need for Defendant to use the Wegovy® trademark to advertise or promote its Unapproved Compounded Drugs purporting to contain "semaglutide," other than to trade on the reputation of Plaintiffs and to create confusion in the marketplace and/or mislead the public regarding the origin, identity, or source of Defendant's Unapproved Compounded Drugs.

51.    Defendant's unauthorized use of the Wegovy® trademarks has already caused confusion, mistake, and deception, and infringes Plaintiffs' established exclusive rights in those trademarks. Examples of confusion, mistake, and deception resulting from Defendant's trademark infringement and false advertising are reflected in the paragraphs that follow.

52.     In online reviews of Defendant's business, consumers frequently mistakenly refer to Defendant's Unapproved Compounded Drugs as "Wegovy."

53.     On information and belief, unless enjoined by this Court, Defendant will continue to use the Wegovy® marks and/or otherwise falsely advertise its products as associated with or being Wegovy®, all in violation of Plaintiffs' rights.

54.     On information and belief, unless enjoined by this Court, Defendant's unauthorized use of the Wegovy® trademark will continue to cause confusion, mistake, and deception, and infringe Plaintiffs' established exclusive rights in that trademark.

## **FIRST CAUSE OF ACTION**

### **Trademark Infringement in Violation of 15 U.S.C. § 1114(1)**

55.     Plaintiff NNAS realleges and incorporates by reference each of the allegations contained in paragraphs 1–54 of this Complaint as though fully set forth here.

56.     Plaintiff NNAS's Wegovy® mark, whether in text or a stylized format, is an inherently distinctive, strong, valid, and protectable trademark owned by Plaintiff NNAS.

57.     Plaintiff NNAS's trademark registrations for its Wegovy® mark constitute *prima facie* evidence of the validity of the mark, of Plaintiff NNAS's registration and ownership of the mark, and of Plaintiff NNAS's exclusive right to

use the mark in commerce on or in connection with the goods identified in the registrations.

58.     By virtue of its prior use and registration, Plaintiff NNAS has priority over Defendant with respect to the use of the Wegovy® mark for pharmaceutical preparations sold in the United States.

59.     Defendant uses the Wegovy® mark in connection with the sale, advertising, and promotion of Unapproved Compounded Drugs purporting to contain semaglutide.

60.     Defendant's use in commerce of the Wegovy® mark is likely to cause confusion, to cause mistake, or to deceive with respect to Plaintiff NNAS's identical mark.

61.     The above-described acts of Defendant constitute infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), entitling Plaintiff NNAS to relief.

62.     Defendant has unfairly profited from its trademark infringement.

63.     By reason of Defendant's acts of trademark, Plaintiff NNAS has suffered damage to the goodwill associated with its mark.

64.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff NNAS, its federally registered trademarks and the valuable goodwill associated with those trademarks.

65.     Defendant's acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the interests of the public in being free from confusion, mistake, and deception.

66.     By reason of Defendant's acts, Plaintiff NNAS's remedies at law are not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiff NNAS is entitled to entry of preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

67.     By reason of Defendant's willful acts of trademark infringement, the Court should award disgorgement of  Defendant's profits (enhanced at the Court's discretion), treble damages, and costs under 15 U.S.C. § 1117 to NNAS.

68.     This is an exceptional case, making Plaintiff NNAS eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**Trademark Infringement, False Designation of Origin, and Unfair Competition
in Violation of 15 U.S.C. § 1125(a)(1)(A)**

69.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1–68 of this Complaint as though fully set forth here.

70.     Defendant uses the Wegovy® mark in commerce in connection with Defendant's goods and services and in commercial advertising and promotion of its goods and services.

71.     Defendant uses the Wegovy® mark in commerce in a manner that is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that Defendant's goods or services are authorized, sponsored, approved by, or otherwise affiliated with Plaintiffs, with Plaintiffs' genuine Wegovy® medicine, and/or with the Wegovy® mark.

72.     The above-described acts of Defendant constitute infringement of the Wegovy® mark and use of false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), entitling Plaintiffs to relief.

73.     Defendant has unfairly profited from the actions alleged.

74.     By reason of the above-described acts of Defendant, Plaintiffs have suffered damage to the goodwill associated with the Wegovy® trademark.

75.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs, the Wegovy® trademark, and the valuable goodwill associated with the trademark.

76.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

77.     By reason of Defendant's acts, Plaintiffs' remedies at law are not adequate to compensate for the injuries inflicted by Defendant. Accordingly,

Plaintiffs are entitled to entry of preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

78.     Because the above-described acts of Defendant are willful, the Court should award disgorgement of Defendant's profits (enhanced at the Court's discretion), treble damages, and costs under 15 U.S.C. § 1117 to Plaintiffs.

79.     This is an exceptional case, making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### Defendant's False and Misleading Advertising and Promotion in Violation of 15 U.S.C. § 1125(a)(1)(B)

80.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1–79 of this Complaint as though fully set forth here.

81.     Defendant's practices, as described in this Complaint, constitute unfair competition and false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

82.     Defendant has violated the Lanham Act by using false or misleading descriptions of fact and false or misleading representations of fact in its commercial advertising or promotion that misrepresent the nature, characteristics, and/or qualities of Defendant's business practices and products, as set forth above.

83.     Defendant has also engaged in other false or misleading advertising and promotion intended to assure consumers that Defendant's practices are lawful.

On information and belief, Defendant provides consumers who purchase Defendant's Unapproved Compounded Drugs (or whom Defendant is trying to persuade to purchase its drugs) information that makes several false or misleading statements, including those described herein and in the exhibits hereto.

84. The above-described acts of Defendant, if not enjoined by this Court, are likely to deceive members of the general public.

85. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs.

86. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

87. By reason of Defendant's acts as alleged above, Plaintiffs have suffered and will continue to suffer injuries, including injury to Plaintiffs' business reputation. However, Plaintiffs' remedies at law are not adequate to compensate for all the injuries inflicted by Defendant. Accordingly, Plaintiffs are entitled to entry of preliminary and permanent injunctive relief requiring Defendant to cease its false and misleading advertising and promotion and unfair competitive practices.

88.    Because the above-described acts of Defendant are willful, the Court should award disgorgement of Defendant's profits (enhanced at the Court's discretion), treble damages, and costs under 15 U.S.C. § 1117 to Plaintiffs.

89.    This is an exceptional case, making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### Unfair Competition in Violation of the Common Law

90.    Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1–89 of this Complaint as though fully set forth here.

91.    The above-described acts of Defendant constitute common law unfair competition.

92.    The above-described acts of Defendant unfairly and wrongfully exploit Plaintiffs' trademark, goodwill, and reputation.

93.    By reason of the above-described acts of Defendant, Plaintiffs have suffered damage to the goodwill associated with the Wegovy® trademark.

94.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the Wegovy® trademark.

95.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

96.     By reason of Defendant's acts, Plaintiffs' remedies at law are not adequate to compensate for the injuries inflicted by Defendant. Accordingly, the Court should enter preliminary and permanent injunctive relief, in addition awarding disgorgement of Defendant's profits and corrective advertising costs to Plaintiffs.

<strong><u>REQUEST FOR RELIEF</u></strong>

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

1.     That the Court enter a judgment against Defendant that Defendant has:

  a.  Infringed the rights of Plaintiff NNAS in its federally registered Wegovy® marks in violation of 15 U.S.C. § 1114(1);

  b.  Infringed the rights of Plaintiffs in the Wegovy® mark and engaged in unfair competition, in violation of 15 U.S.C. § 1125(a);

  c.  Engaged in false and misleading advertising and promotion, in violation of 15 U.S.C. § 1125(a);

  d.  Engaged in unfair competition under the common law.

2.     That each of the above acts was willful.

3.      That the Court preliminarily and permanently enjoin and restrain Defendant and its agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

    a.  using the Wegovy® mark in any manner, including but not limited to (i) use in any manner that is likely to cause confusion or mistake, to deceive, or otherwise infringe Novo Nordisk's rights in the Wegovy® mark in any way, or (ii) use in connection with the advertising, marketing, sale, or promotion of any Unapproved Compounded Drugs; and,

    b.  advertising, stating, or suggesting that any Unapproved Compounded Drugs, including but not limited to any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

        i.  are, or contain, genuine or authentic Novo Nordisk Wegovy® medicine;

        ii.  are sponsored by or associated with Novo Nordisk;

    iii.  are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

    iv.  achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes, including but not limited to by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

    v.  achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines and/or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

    vi.  are associated or connected in any way with Novo Nordisk or Novo Nordisk's medicines; or

    vii.  contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

c.  engaging in any unfair competition with Plaintiffs; and/or

d.  engaging in any deceptive acts or practices.

4.      That the Court require Defendant to disclose conspicuously and prominently in any public-facing materials for any Unapproved Compounded Drugs, including but not limited to all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved medicines containing semaglutide are available.

5.      That Plaintiffs be awarded monetary relief in the form of disgorgement of Defendant's profits for Defendant's trademark infringement, false advertising, and unfair competition and that this monetary relief be trebled due to Defendant's willfulness, in accordance with the provisions of 15 U.S.C. § 1117 and any applicable state laws.

6.      That the Court award disgorgement of Defendant's profits resulting from Defendant's infringement of Plaintiffs' rights and by means of Defendant's unfair competition to Plaintiffs.

7.      That Defendant be ordered to account for and disgorge to Plaintiffs all amounts by which Defendant has been unjustly enriched by reason of Defendant's unlawful actions.

8.    For pre-judgment and post-judgment interest on all damages.

9.    That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable  provision of law.

10.    That the Court award Plaintiffs the costs of suit incurred herein.

11.    For such other or further relief as the Court may deem just and proper.


May 30, 2024

Respectfully submitted,

BOONE KARLBERG P.C.

*/s/  Matthew Hayhurst*
Matthew B. Hayhurst
Tyler M. Stockton

COVINGTON & BURLING LLP

*/s/  Nathan Shafroth*
Nathan E. Shafroth (*pro hac vice* forthcoming)
Zoie Kaiser (*pro hac vice* forthcoming)


COVINGTON & BURLING LLP

*/s/  Robert Hunziker*
Robert N. Hunziker (*pro hac vice* forthcoming)

***Attorneys for Plaintiffs***
***NOVO NORDISK A/S and***
***NOVO NORDISK INC.***