IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAE MEDICAL PLLC D/B/A G2 TELEMEDICINE WEIGHT LOSS CLINIC, <br><br> Defendant. | CV 24-76-M-DLC |

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

This matter having come before the Court on the unopposed motion of the plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that Novo Nordisk filed its Complaint in this action on May 30, 2024, and that defendant JAE Medical PLLC d/b/a G2 Telemedicine Weight Loss Clinic ("Defendant") was served with the Complaint on May 30, 2024; and

It further appearing that the parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the express consent of counsel for Plaintiffs and counsel for Defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over defendant JAE Medical PLLC. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff Novo Nordisk's Complaint states causes of action against defendant JAE Medical PLLC for trademark infringement, false advertising, and unfair competition in violation of sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and common law.

3. Plaintiff Novo Nordisk has adopted and used, and has valid and enforceable rights in and to, the trademarks OZEMPIC, WEGOVY, and RYBELSUS (the "Novo Nordisk Marks") for pharmaceutical products.

4. The federal trademark registrations of plaintiff Novo Nordisk A/S for the Novo Nordisk Marks identified below are valid, subsisting, and enforceable:

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| OZEMPIC | 4,774,881 | July 21, 2015 | Pharmaceutical preparations (class 5) |
| WEGOVY | 6,585,492 | December 14, 2021 | Pharmaceutical preparations (class 5) |
| wegovy | 6,763,029 | June 21, 2022 | Pharmaceutical preparations (class 5) |
| RYBELSUS | 5,682,853 | February 26, 2019 | Pharmaceutical preparations (class 5) |

5.  Without the consent of plaintiff Novo Nordisk, defendant JAE Medical PLLC has used one or more of the Novo Nordisk Marks in connection with the sale, marketing, promotion, and offering of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine Novo Nordisk FDA-approved, semaglutide-based medicines ("Unapproved Compounded Drugs").

6.  Without the consent of plaintiff Novo Nordisk, defendant JAE Medical PLLC has engaged in advertising, marketing, and/or promotion that falsely suggests that: (i) the Unapproved Compounded Drugs offered and sold by defendant JAE Medical PLLC are genuine Novo Nordisk, semaglutide-based medicines and/or are approved by the FDA; (ii) the Unapproved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use; (iii) defendant JAE Medical PLLC

3

and/or its Unapproved Compounded Drugs are sponsored by, associated with, or affiliated with Novo Nordisk and/or Novo Nordisk's FDA-approved, semaglutide-based medicines; (iv) the Unapproved Compounded Drugs offered by defendant JAE Medical PLLC achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes; (v) the Unapproved Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's FDA-approved, semaglutide-based medicines, and/or that the Unapproved Compounded Drugs are interchangeable with or equivalent to genuine Novo Nordisk FDA-approved, semaglutide-based medicines; and/or (vi) the Unapproved Compounded Drugs contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk product.

7. Defendant JAE Medical PLLC's actions as described above are likely to cause confusion, infringe Novo Nordisk's rights in the Novo Nordisk Marks, and violate Novo Nordisk's rights under the Lanham Act and state law.

8. Defendant JAE Medical PLLC, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

    (a) using the Novo Nordisk Marks in any manner, including but not limited to (i) use in any manner that is likely to cause confusion

or mistake, to deceive, or otherwise infringe Novo Nordisk's rights in the Novo Nordisk Marks in any way, or (ii) use in connection with the advertising, marketing, sale, or promotion of any Unapproved Compounded Drugs; and,

    (b) advertising, stating, or suggesting that any Unapproved Compounded Drugs, including but not limited to any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

    (1) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

    (2) are sponsored by or associated with Novo Nordisk;

    (3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

    (4) achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes, including but

not limited to by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

(5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines and/or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

(6) are associated or connected in any way with Novo Nordisk or Novo Nordisk's medicines; or

(7) contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

9.  IT IS FURTHER ORDERED that, for a period of twelve (12) months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose in any materials for any Unapproved Compounded Drugs, including but not limited to all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs

are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

11. Judgment is hereby entered in favor of plaintiff Novo Nordisk as set forth above. All claims asserted in this action are hereby dismissed without prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment, and as otherwise provided herein.

10. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Final Judgment.

12. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

13. This Final Judgment shall be deemed to have been served on defendant JAE Medical PLLC, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

SO ORDERED, this 20th day of September, 2024.

*Dana L. Christensen*, District Judge
United States District Court

CONSENTED TO:

Matthew B. Hayhurst
Tyler M. Stockton
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
Facsimile: (406) 549-6804
mhayhurst@boonekarlberg.com
tstockton@boonekarlberg.com

Nathan E. Shafroth
COVINGTON & BURLING, LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7053
nshafroth@cov.com

*Counsel for Plaintiffs*

Kerry Mann
KW Mann Attorney at Law
kerry@kwmann.com

*Counsel for Defendant*